# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED

MAR - 9 2010

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____
Deputy Clerk

RICKY O. WILLIAMS,       )
                              )
        Petitioner,       )
                              )
v.                            )     **Case No. CIV 09-094-RAW-KEW**
                              )
EMMA WATTS, Warden,       )
                              )
        Respondent.       )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, is challenging the execution of his sentences, pursuant to 28 U.S.C. § 2241. He seeks immediate release, because his incarceration allegedly has been lengthened out of "spite, anger & hatred." In the alternative, he is asking for restoration of 650 earned credits that were lost because of misconduct, 755 credits for the days he spent on parole, and 480 credits that were removed from his record when he returned from parole on December 22, 2006. Although his petition is difficult to understand, he also apparently is claiming that in 2001, the March 1, 2000, policy concerning assignment to earned credit levels was used to assign him to Levels 1 and 2, and he was restricted in his eligibility to be assigned to Levels 3 and 4.

The respondent has set forth petitioner's incarceration history as follows:

> Petitioner was received into DOC custody again on December 8, 1989,
> after being convicted in Muskogee County District Court and incarcerated

pursuant to a Judgment and Sentence, Case No. CF-81-594, wherein Petitioner was convicted of Burglary 2nd Degree, AFCF, . . . . to be served with CF-81-534, these sentences were discharged on June 21, 1992. (Exhibit 1).

The petitioner also received another conviction, while incarcerated, from Muskogee County and was re-billed to CF-1989-559 on June 21, 1992, as petitioner had been convicted on February 26, 1990, of Burglary 1st Degree, AFCF and received a 30-year sentence to be served consecutively to CF-81-594. (Exhibit 2).

Petitioner paroled from CF-89-559 on November 17, 2005, but was convicted of Kidnaping in CF-2006-185, wherein petitioner received a 5-year sentence from Pontotoc County on November 2, 2006, and returned to prison on December 22, 2006, and which discharged on January 3, 2009. (Exhibits 2, 3, and 4).

Petitioner paroled CF-[89]-559 on November 17, 2005, and the parole was revoked on June 15, 2007, and petitioner is currently incarcerated pursuant to CF-89-559 upon the re-bill on January 3, 2009. (Exhibits 2, 4, and 5). The Governor did not grant street time to petitioner when the parole was revoked. (Exhibit 2 and 5). There has been no grievance filed as to the street time not being granted by the Governor. (Exhibit 6).

(Docket #9 at 1-2).

The respondent asserts that when petitioner returned to prison on December 22, 2006, as a parole violator awaiting parole revocation, it was discovered that two misconduct reports with punishments of revoked earned credits and a February 1, 2005, classification assignment to Level 1 never were recorded on petitioner's record. (Docket #9, Exhibits 2 at 6, Exhibit 7). The 480 credits (270 revoked and 210 not earned) were adjusted, and petitioner had 3,834 days to serve on his sentence, instead of 3,354. (Docket #9, Exhibit 2 at 6). Petitioner never filed a grievance concerning this correction in the length of his sentence remaining to be served. (Docket #9, Exhibits 6, 8, 9, 10).

The respondent further alleges the Earned Credit Classes System in effect when

2

petitioner committed his crime restricted inmates to Levels 1 and 2 when they had current misconduct security points. (Docket #9, Exhibit 11). The same rule applied when DOC's Systems of Incarceration went into effect in March 2000. (Docket #9, Exhibit 12). Petitioner has had 13 disciplinary actions, including misconducts during his current sentence. (Docket #9, Exhibit 2). On August 1, 2006, The DOC Director amended the procedure and allowed prison staff to consider inmates for assignment to Levels 3 and 4 after five years of restriction, but the revision was not retroactive. (Docket #9, Exhibit 14).

The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust his administrative and state judicial remedies, and his claims are procedurally barred as well as time barred. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

The respondent has submitted affidavits by Debbie Morton, DOC Manager of the Administrative Review Unit stating petitioner has not complied with the DOC grievance procedure, and he consequently did not exhaust his administrative remedies. (Docket #9,

3

Exhibits 6 and 8). Ms. Morgan specifically states petitioner never filed grievances concerning (1) his 2007 parole revocation and the denial of street time credit, (2) the March 2000 implementation of OP-060207, (3) or the credit adjustment that was made when petitioner returned as a parole violator in December 2006. *Id.*

The record shows that on January 12, 2009, petitioner filed a Request to Staff, complaining of the application of the March 2000 policy to him in January 2001, and requesting his immediate release. (Docket #9, Exhibit 10 at 2). On January 13, 2009, Warden Haskell Higgins advised petitioner by Interoffice Memorandum that petitioner's file had been audited on that date. (Docket #9, Exhibit 10 at 8). Warden Higgins explained that, except when petitioner was transferred to the State of Texas, he was not eligible for Levels 3 or 4 because of his two 1990 misconducts for Battery. *Id.* He was credited for his time on Level 4, but was demoted to Level 2 for numerous misconducts in 1997. *Id.* When the policy changed on August 1, 2006, petitioner was permitted to advance to Levels 3 and 4, but the policy was not retroactive. *Id.* On February 17, 2009, The DOC Director's Designee returned petitioner's grievance on the issue unanswered, because it was out of time from the 2001 incident. (Docket #9, Exhibit 10 at 1).

On April 25, 2007, petitioner filed a petition for a writ of prohibition in Muskogee County District Court Case No. CF-89-559, attempting to stop his pending parole revocation and claiming entitlement to earned credits, and he sought to amend the petition on December 26, 2007. (Docket #9, Exhibit 15 at 2). The state district court denied the petition on December 31, 2008, because venue and jurisdiction were improper. *Id.*

On January 20, 2009, he appealed to the Oklahoma Court of Criminal Appeals, and on February 2, 2009, he also filed a similar petition in the Oklahoma Supreme Court.

4

(Docket #9, Exhibit 21). The Supreme Court transferred its matter to the Court of Criminal Appeals, where the court declined original jurisdiction and dismissed the petitions for extraordinary writs. *Williams v. State*, Nos. HC-2009-39 and MA-2009-143 (Okla. Crim. App. Mar. 12, 2009). (Docket #9, Exhibits 19, 20, and 21). Nothing in the record indicates petitioner filed a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1.

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's motion to dismiss (Docket #9) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this ___9th___ day of March 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

5