# IN THE UNITED STATES DISTRICT COURT FOR THE FILED
# EASTERN DISTRICT OF OKLAHOMA

JAN 11 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

| | |
|---|---|
| RICKY O. WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 09-094-RAW-KEW |
| EMMA WATTS, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner has filed two motions for rehearing/reconsideration of the denial of his petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241 [Docket Nos. 21 & 23]. As was the case with his petition, the motions are difficult to understand, but he apparently believes his petition was misconstrued as a challenge to his misconducts that caused him to lose earned credits. He clarifies that he actually is challenging the DOC's alleged ex post facto application of a policy in 2001 that resulted in his loss of earned credits. He also complains that the respondent has submitted a false affidavit about the 2001 application of the March 2000 policy concerning his assignment to earned credit levels. In support of his second motion, petitioner has submitted copies of (1) a February 17, 2009, grievance response stating petitioner's grievance was being returned unanswered, because it was out of time from the 2001 incident; (2) a May 20, 2009, Interoffice Memorandum from the Jim E. Hamilton Correctional Center Records Officer stating that an audit had removed petitioner's May 24, 2001, misconduct and adjusted 180 days on petitioner's time; and (3) the December 31, 2008, dismissal of petitioner's writ of habeas corpus for improper venue and jurisdiction in Muskogee County District Court Case No. CRF-1989-559 [Docket No.

23 at 4-6].

Petitioner further argues he was not required to exhaust his state court remedies through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, because the misconducts were committed prior to enactment of the statute. He also attempts to clarify his claim as follows:

> I am claiming that in 2001, the March 200 [sic] policy concerning assignment to earned credit levels was used to assign him to Levels 1 and 2 and he was restricted in his eligibility to be assigned to levels 3 and 4.
>
> A.    Fact   the 2000 policy op-060107 was applied in the year 2001, and went back into the petitioner [sic] records as far as 1994. This implementation also restricted the Petitioner from being promoted to class level 3 or 4 for his entire incarceration.
>
> **WHY HAS THE PETITIONER BEEN PICKED OUT TO HAVE THIS APPLIED TO HIM, WHEN THE OTHERS SIMILARLY SITUATED HAVE DISCHARGED, PAROLED, ETC., WITHOUT BEING SCREWED?**

[Docket No. 21 at 5 (emphasis in original)].

Petitioner maintains he filed a petition for a writ of prohibition in Muskogee County District Court concerning his parole revocation in Case No. CRF-1989-559, but the petition still is pending. He apparently is claiming the petition for a writ of prohibition was a method for exhausting his administrative remedies, *see* Docket No. 10, but if the petition for writ of prohibition has not been resolved, this remedy has not been exhausted.[1]

---

[1] The docket for Muskogee County District Court Case No. CRF-1989-559 shows petitioner filed a petition for a writ of prohibition on April 25, 2007. *See* http://www.oscn.net. He claims that on December 26, 2007, he filed a motion to amend the petition to an application for post-conviction relief, and a hearing was set for January 30, 2008. *Id.* The court docket indicates petitioner's "writ of habeas corpus" was denied on December 31, 2008, because venue and jurisdiction were improper. *Id.* On March 12, 2009, the Oklahoma Court of Criminal Appeals entered an Order Declining Original Jurisdiction and Dismissing Petition for Extraordinary Relief with regard to Case No. CRF-

2

To the extent petitioner is challenging the 2001 application of the March 2000 policy, he has not shown exhaustion of his administrative remedies for this claim. As set forth in the court's previous Opinion and Order, he did not file proper grievances about application of the March 2000 policy, or the adjustment that was made when he returned to prison in December 2006 as a parole violator. He is correct in his assertion that he would not have to exhaust state court remedies for the 2006 adjustment under Okla. Stat. tit. 57 § 564.1, because that statute concerns a due process review of the disciplinary proceedings, not a subsequent correction of a prisoner's earned credit record.

In addition to petitioner's failure to exhaust his administrative remedies, it is clear from the record that his claims are time barred. The one-year statute of limitations for habeas corpus actions would have begun at the latest on December 22, 2006, when DOC officials discovered errors in the calculation of petitioner's remaining sentence. *See* 28 U.S.C. § 2244(d)(1)(D); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003)).

**ACCORDINGLY,** petitioner's motions to reconsider the dismissal of this action [Docket Nos. 21 & 23] are DENIED.

**IT IS SO ORDERED** this 11th day of January 2011.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

1989-559, finding petitioner had failed to follow the proper procedures for initiating an original action in that court. *Williams v. State*, Nos. HC-2009-39 & MA 2009-143 (Okla. Crim. App. Mar. 12, 2009).
3